# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Allyn Lee Schlumpberger,<br><br>    Plaintiff,<br><br>v.<br><br>Dana Osborne, Patrick Rodning,<br>Troy Basaraba, *Security Manager*,<br>Kevin Moser,<br>Julianna L. Beavens, and<br>Richard O'Connor,<br>*sued in their individual and official* capacities,<br><br>    Defendants. | Case No. 0:16-cv-78-SRN-TNL<br><br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Allyn Lee Schlumpberger, MSOP, 1111 Highway 73, Moose Lake, MN 55767-9452, pro se.

Matthew Hart, Office of the Minnesota Attorney General, Human Services Division, 445 Minnesota St., Ste. 1100, Saint Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R" [Doc. No. 35]) of Magistrate Judge Tony N. Leung dated January 25, 2019, recommending that Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. No. 18] be granted, and that this action be dismissed without prejudice. Plaintiff Allyn Lee Schlumpberger

("Schlumpberger" or "Plaintiff") filed objections ("Objections") [Doc. No. 37-5][1] to the R&R. For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R.

## I. BACKGROUND

The factual and procedural background of this matter is detailed in the R&R and is incorporated herein by reference. In brief, Plaintiff has been involuntarily committed to the State of Minnesota's Department of Human Services and the Minnesota Sex Offender Program ("MSOP"). He currently resides in the MSOP facility in Moose Lake, Minnesota. (*See generally* Compl.) Defendants are MSOP employees. (Compl. ¶¶ 2, 7(b)-(f) [Doc. No. 1].)

Schlumpberger brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was placed in the MSOP's High Security Area ("HSA")/Protective Isolation for refusing to move to a newly assigned room. (*See id.* ¶ 26.) The magistrate judge construed Plaintiff's Complaint to allege substantive and procedural due process claims under the Fourteenth Amendment and derivative search and seizure claims under the Fourth Amendment. (R&R at 5.)

In their Motion to Dismiss, Defendants rely on Federal Rule of Civil Procedure 12(b)(6), and argue that Plaintiff's allegations fail to state a claim on which relief can be granted. In the R&R, Magistrate Judge Leung recommended that Defendants' motion be

---

[1] The Clerk's Office initially filed the Objections at Doc. No. 37, but due to a scanning error in which one page was inadvertently omitted, the Objections were subsequently re-filed in full at Doc. No. 37-5.

granted on the following bases: (1) because Defendant Basaraba, the former MSOP Security Manager, died prior to the commencement of this action, all claims against him should be dismissed, (*id.* at 6–7); (2) all claims against Defendants in their official capacities for which Plaintiff seeks monetary damages are barred by the Eleventh Amendment, (*id.* at 7–9); (3) because Plaintiff fails to plead the involvement of Defendant Kevin Moser, all claims against him should be dismissed, (*id.* at 11–12); (4) Plaintiff's Fourteenth Amendment procedural due process claim fails because he has not alleged facts showing that his placement in the HSA/Protective Isolation constituted punishment or that he was denied notice and an opportunity to be heard, (*id.* at 12–19); (5) Plaintiff's substantive due process claim also fails as he does not allege conscious-shocking conduct, (*id.* at 19–25); (6) his Fourth Amendment unreasonable search claim fails because Plaintiff does not allege that he was subject to a search, (*id.* at 25–26); and (7) Plaintiff's unreasonable seizure claim, construed as a claim for excessive force based on the use of "restraints," fails to allege any facts from which one could plausibly infer the application of excessive force. (*Id.* at 26–28.) Finding that all of Plaintiff's claims fail, the magistrate judge recommended the dismissal of this action without prejudice. (*Id.* at 29.)

Schlumpberger filed his objections to the R&R in a timely manner. (*See* Objs.) First, he disputes the dismissal of all claims against Defendant Basaraba, under the theory that this Defendant's death mandates the automatic substitution of his successor as a party in this action. (*Id.* at 2–3). Second, Plaintiff does not disagree that the Eleventh Amendment bars monetary damages against government officials, but he seeks to amend

his complaint presumably to bring claims for prospective relief, which the Eleventh Amendment allows. (*Id.* at 3–4).

Finally, Plaintiff objects to the dismissal of his Complaint for failing to state a § 1983 claim for violations of the Fourteenth and Fourth Amendments. (*Id.* at 6–7). He argues he has a protected liberty interest related to the MSOP's policies about restraining patients and placing them in HSA/Protective Isolation. (*Id.* at 9.) Regarding the Fourth Amendment, he asserts that his allegations regarding strip searches and detention are sufficiently plausible to overcome a Rule 12(b)(6) motion. (*Id.* at 25–27).

## II. DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Defendants' Motion to Dismiss under 12(b)(6) is dispositive and must be reviewed under this standard. D. Minn. L.R. 7(c)(6)(B). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Success need not be probable to survive a motion to dismiss, but there must be more than the "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. However, "legal conclusions or 'formulaic recitation

of the elements of a cause of action' . . . may properly be set aside." *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678).

When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). "[A] pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'" *Gertsner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (quoting *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010)). Nevertheless, pro se complaints must still contain sufficient facts to support the claims alleged. *Id.*

### A. Objection: Substitution for Defendant Basaraba

Schlumpberger argues that, contrary to the magistrate judge's recommendation, he should be permitted to substitute a defendant for Defendant Basaraba. (Objs. at 2–3.) (Compl. ¶ 7(e).) He asserts that the viability of his claims against persons in their official capacities "is unaffected by the fact that a different person may now hold the relevant office." (Objs. at 2.) Rather, he argues, the replacement of a named official "results in the automatic substitution of the official's successor in office." (*Id.*) (citing Fed. R. Civ. P. 25(d); *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985)).

As Magistrate Judge Leung observed, under Rule 25(d), "when a public officer who is a party in an official capacity dies . . . *while the action is pending*[,] [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d) (emphasis added). Here, there is no dispute that Basaraba died prior to the commencement of this lawsuit. Plaintiff himself notes in the Complaint that Defendant O'Connor, the interim Security

Manager for MSOP at the time this suit was filed in January 2016, was "automatically substituted" for Basaraba, due to Basaraba's death on December 18, 2015. (Compl. at 1 n.1.) In his opposition to Defendants' Motion to Dismiss, Plaintiff argues that another person, Steve Sayovitz, should be substituted for Basaraba. (Pl.'s Opp'n Mem. at 1 n.1 [Doc. No. 26].)

As a general rule, the substitution of parties consistent with Rule 25(a)(1) cannot be ordered "where the person for whom substitution is sought died prior to being named a party." *Lacy v. Tyson*, No. 1:07-cv-00381-LJO-GSA-PC, 2012 WL 4343837, at *2 (E.D. Cal. Sept. 20, 2012), *adopting report and recommendation*, 2012 WL 5421230, at *1 (E.D. Cal. Nov. 5, 2012).[2] The Court agrees with the magistrate judge, and the authority on which he relies, that substitution is not permissible where the defendant dies prior to the

---

[2] Citing *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D. Del. 1982) (noting that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party); *Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969) (finding that substitution for deceased party where claim is not extinguished by his death was not available to plaintiff in death action where defendant predeceased filing of action); *Moul v. Pace*, 261 F. Supp. 616 (D. Md. 1966) (finding that substitution of proper party upon death of a party was not applicable in automobile accident action as to one defendant who was dead at time suit was filed.); *Goldlawr, Inc. v. Shubert*, 175 F. Supp. 793, 797–98 (S.D.N.Y. 1959), *rev'd on other grounds*, 369 U.S. 463 (finding it doubtful whether Rule 25(a)(1) authorized substitution of executors for a defendant who neither appeared nor was served with process); *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) (finding that negligence suit brought against a named defendant who was already dead and subsequently an amendment was allowed substituting deceased's administrator as a party defendant was ineffectual to substitute a party); *Laney v. S.C. Dep't. of Corrs.*, No. CA 4:11–3487–JMCTER, 2012 WL 4069680 (D. S.C. May 8, 2012) (holding that Rule 25 inapplicable where defendant was dead at the time suit was filed).

commencement of the action. (*Id.*) (citing *Lacy*, 2012 WL 4343837, at *2).[3] Accordingly, this ground of objection fails.

**B. Objection: Eleventh Amendment**

Plaintiff does not dispute that the Eleventh Amendment bars claims for monetary damages against government officials. (Objs. at 3.) However, because the Eleventh Amendment allows for prospective relief, Plaintiff requests the opportunity to amend his Complaint so that his claims for injunctive relief are not dismissed. (*Id.* at 3–4 n.2.)

Section 1983 does not abrogate a state's immunity from suit under the Eleventh Amendment. *Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005). As Plaintiff himself recognizes, such immunity extends to claims for money damages and other retrospective relief brought against state officials because official-capacity suits are not suits against the official, but are instead suits against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Schlumpberger seeks money damages against Defendants in their official capacities, the magistrate judge properly found that any such claims must be dismissed. With respect to his claims for injunctive relief against Defendants in their official capacities, they are not barred by the Eleventh Amendment, but fail for other reasons, discussed below.

---

[3] In any event, it appears that Plaintiff anticipated this issue by naming Basaraba's apparent interim successor, Richard O'Connor, as a defendant. (*See* Compl. at 1 n.1.)

7

## C. Objection: Improper Dismissal of Constitutional Claims Under Rule 12(b)(6)

### 1. Fourteenth Amendment Due Process Claims

#### a. Procedural Due Process

Plaintiff objects to the magistrate judge's finding that his procedural due process claim fails as a matter of law. (Objs. at 11–12.) He argues that a more developed record will inform the reasonableness of his placement in HSA/Protective Isolation.[4] (*Id.*)

To establish a procedural due process violation, a plaintiff must demonstrate that his protected liberty or property interest is at stake, then must prove that the defendant deprived him of that interest without due process of law. *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817 (8th Cir. 2011). Persons civilly committed to the MSOP enjoy a protected liberty interest in freedom from unnecessary bodily restraint, although it is not unlimited. *Id.* Because Plaintiff arguably has a protected liberty interest here, the Court then considers the process that is due to him by balancing the specific interest that was affected, the likelihood that the defendant's procedures would result in an erroneous deprivation, and the defendant's interest in providing process, including the administrative costs and burdens. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

Due process requires the opportunity to be heard "at a meaningful time and in a meaningful manner." *Clark*, 375 F.3d at 702. A meaningful opportunity to be heard

---

[4] In his Objections, Schlumpberger also refers to the need for a fully developed record to assess the reasonableness of strip searches. (Objs. at 11–12.) He similarly referred to strip searches in his memorandum in opposition to Defendants' motion. (Pl.'s Opp'n Mem. at 6, 10–14.) However, because the Complaint contains no allegations concerning strip searches, the Court does not address any claims related to them, whether in the context of the Fourteenth Amendment or Fourth Amendment.

requires adequate notice under the circumstances. *Bliek v. Palmer*, 102 F.3d 1472, 1475 (8th Cir. 1997). Even if Schlumpberger's placement in HSA/Protective Isolation implicated a protected liberty interest, he fails to allege that he received less process than he was due. He does not allege any specific facts challenging the manner of his alleged deprivation, other than that he "was unconstitutionally placed in HSA/Protective Isolation without due process." (Compl. ¶ 2.) Certainly, he does not allege any lack of notice as to the reasons for his placement. To the contrary, Plaintiff admits that he received advance notice of his required move, but because he did not want to move, he simply refused to do so. (R&R at 15.) He also acknowledges that Defendants placed him in HSA/Protective Isolation due to his failure to comply with his new room assignment, when his refusal to move "prevented another client from being able to reside in his scheduled room during formal count." (Compl. ¶ 12.)

In opposition to Defendants' motion, Plaintiff contends that he alleged the lack of any procedure to challenge his placement in HSA/Protective Isolation, (Pl.'s Opp'n Mem. at 14–15), but there are no such allegations in the Complaint. (R&R at 18.) As noted in the R&R, Minnesota Rule 9515.3090 provides a procedure by which MSOP clients can seek review of placement in protective isolation. (*Id.*) Further, as Magistrate Judge Leung observed, Minn. Stat. § 246B.03, subd. 3, provides a grievance procedure for civilly committed persons. *See Pyron v. Ludeman*, Nos. 10-cv-3759, 10-cv-4236 (PJS/JJG), 2011 WL 3290365, at *1 (D. Minn. July 29, 2011) ("grievance process provided by Minn. Stat. § 246B.03, subd. 3," is "an adequate post-deprivation remedy"), *aff'd sub nom., Hollie v. Ludeman*, 450 F. App'x 555 (8th Cir. 2012). Magistrate Judge Leung correctly observed

9

that Schlumpberger does not allege that he tried to utilize the review process, grievance procedure, or any other means of redress and Defendants then denied him the opportunity to be heard, (R&R at 18) (citing *Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006)), nor has he "pleaded facts showing that these avenues were not available to him." (*Id.* at 18–19) (citing *Wickner v. Collelo*, No. 11-cv-3448 (DWF/JJK), 2011 WL 6960975, at *1 (D. Minn. Dec. 14, 2011)).

In his Objections, Plaintiff states, "[T]he R&R's recommendation that there is [a] grievance procedure available to Schlumpberger leaves a question of material fact as to whether the grievance procedure provides an adequate means for impartial review, and that the grievance procedure actually works." (Objs. at 11.) Again, the Complaint makes no mention of a grievance procedure, and Schlumpberger conflates the standard of review on a motion to dismiss with the standard applicable to a motion for summary judgment. Here, the Court assumes the truth of his allegations and focuses on whether those allegations, when taken as true, plausibly state a claim for relief. *Crooks*, 557 F.3d at 848. Again, Plaintiff has not even alleged that a remedial process existed and that Defendants somehow rendered it unavailable to him. In sum, the Court finds that Plaintiff's Complaint fails to state a viable procedural due process claim.

### b. Substantive Due Process

Plaintiff also objects to the magistrate judge's finding that the Complaint fails to allege a substantive due process violation. (Objs. at 12.) He contends that the question of whether his placement in HSA/Protective Isolation was arbitrary is a question of fact, and the magistrate judge improperly ruled on the underlying merits of the parties' claims and

defenses. (*Id.* at 12–14.) He further argues that Defendants' position would mean that HSA placement of any length and for any reason is always justified by the MSOP's general need for security and control. (*Id.* at 14.) The Court disagrees.

As noted, on a motion to dismiss the Court considers whether Plaintiff has plausibly stated a claim that would entitle him to relief. *Crooks*, 557 F.3d at 848. Here, the Court considers whether he has plausibly alleged a claim for the violation of substantive due process. To prevail on a substantive due process claim, a plaintiff must demonstrate that the Defendants' conduct was both conscience-shocking and that Defendants violated one or more fundamental rights that are "deeply rooted in this National's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Karsjens v. Piper*, 845 F.3d 394, 408 (8th Cir. 2017) (quoting *Moran v. Clarke*, 296 F.3d 638, 651 (8th Cir. 2002) (en banc) (Bye, J., concurring and writing for a majority on this issue)). "[T]he alleged substantive due process violations must involve conduct 'so severe[,] so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amount[s] to a brutal and inhumane abuse of official power literally shocking to the conscience." *Id.* (citing *Moran*, 296 F.3d at 647).

As noted, civilly committed persons have a protected liberty interest in being free from unnecessary bodily restraint. *Montin v. Gibson*, 718 F.3d 752, 755 (8th Cir. 2013). Courts apply a "professional judgment" test to assess the constitutionality of such restraints. *Id.* Under this test, courts give great deference to the professional judgment of the qualified professional responsible for "balancing the plaintiff's freedom from bodily

11

restraint against the safety of the public, the plaintiff, and other patients." *Id.* As the Supreme Court has explained, to overcome the presumptive validity of the decision of a qualified professional, "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

In the R&R, the magistrate judge discussed *Montin*, 718 F.3d at 753, in which an involuntarily committed patient asserted an unsuccessful due process challenge against a facility-wide change in policy that deprived him of the ability to walk unsupervised around an unsecured area of the facility's grounds. (R&R at 21.) The Eighth Circuit concluded that this conduct did not constitute a bodily restraint, finding that it stood in stark contrast to the types of restraints deemed unconstitutional, such as black boxes, wrist chains, leg irons, and binding in a blanket. *Montin*, 718 F.3d at 755 (*comparing* facts of *Montin* with *Beaulieu v. Ludeman*, 690 F.3d 1017, 1031 (8th Cir. 2012); *Strutton v. Meade*, 668 F.3d 549, 553 (8th Cir. 2012); *Heidemann v. Rother*, 84 F.3d 1021, 1025 (8th Cir. 1996)).

While less restrictive than the examples of physical restraints noted above, and more restrictive than the challenged action in *Montin*, the conduct at issue here implicates Plaintiff's interest in being free from unnecessary bodily restraint. (*See* R&R at 22). However, the Court agrees with Magistrate Judge Leung that Plaintiff's allegations fail to describe conscience-shocking conduct. *See Karsjens*, 845 F.3d at 408. Rather, he alleges that Defendants were "unreasonable" and that their actions did "not involve a documented risk to Plaintiff, public safety or a documented legitimate purpose." (Compl. ¶¶ 26(a), (b).)

In opposition to Defendants' motion, he contends that Defendants' actions in placing him in HSA/Protective Isolation were "arbitrar[y]." (Pl.'s Opp'n Mem. at 6.) And as the magistrate judge further noted, Plaintiff does not allege that that he was deprived of basic needs, that the conditions in HSA/Protective Isolation posed a substantial risk of serious harm, or that his temporary placement was otherwise egregious or outrageous. *See Karsjens*, 845 F.3d at 408; *Montin*, 718 F.3d at 755; *Beaulieu*, 690 F.3d at 1045; *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2014 WL 4954687, at *16 (D. Minn. Sept. 30, 2014).

While Plaintiff asserts that granting Defendants' motion to dismiss is akin to finding that placement in HSA/Protective Isolation is always justified by MSOP's need for security and control, (Pl.'s Opp'n Mem. at 8), the Court disagrees. As Magistrate Judge Leung stated, there must be facts from which it can reasonably be inferred that placement rose to the level of egregiousness as to shock the conscience. (R&R at 24.) Different facts might plausibly form the basis for a substantive due process claim based on placement in HSA/Protective Isolation, but the allegations here are simply not susceptible to an inference of conscience-shocking egregiousness. Accordingly, Plaintiff's Objections are overruled.

### 2. Fourth Amendment Search & Seizure Claims

Schlumpberger also objects to the magistrate judge's finding that his Fourth Amendment claims fail. (*Id.* at 12–13.) The magistrate judge liberally construed the Complaint to find that Plaintiff's reference to "restraints" appeared to be in connection with the use of restraints to transport him to the HSA/Protective Isolation and that his placement in that area constituted a "seizure." (R&R at 25.)

The Court agrees with the magistrate judge that the Complaint contains no factual allegations that Plaintiff was subject to a search of any kind. (*Id.* at 26.) Again, he refers to unclothed visual body searches in his Objections, (Objs. at 25), as he did in his memorandum in opposition to Defendants' motion. (Pl.'s Opp'n Mem. at 6, 10–14.) The Court concurs with Magistrate Judge Leung that these passages appear to have been taken from other MSOP litigation, as the Complaint contains no such references to searches, let alone strip searches.

Under a generous reading of the Complaint, the magistrate judge considered two possible allegations of "seizures": (1) the removal of Plaintiff from his room and placement in HSA/Protective Isolation; and (2) the use of "restraints" when taking him to this area. (R&R at 26–27.) The Court agrees that to the extent that Plaintiff contends that these acts were seizures, they are best viewed as curtailments of liberty interests under the Due Process Clause, as discussed earlier.

The magistrate judge further found that to the extent that Plaintiff contends that excessive force was applied when he was taken to the HSA/Protective Isolation, because a civilly committed person's status is similar to that of a pretrial detainee, an excessive force claim falls under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015); *Andrews v. Neer*, 253 F.3d 1052, 1061 (2001). Courts apply an objective reasonableness standard to such claims, which turns on the facts and circumstances of each case. *Kingsley*, 135 S. Ct. at 2472–73. Magistrate Judge Leung correctly identified the only allegations in the Complaint that could be construed to assert claims of excessive force as follows: "A-team members approached and instructed [Plaintiff] to turn around for

restraints. [Plaintiff] replied, 'What? Now I'm a criminal?' as he complied." (Compl. ¶ 11.) These allegations are simply insufficient to plausibly infer that any force applied to Schlumpberger was excessive. In his Objections, Plaintiff refers to being handcuffed "for several hours duration," but the Complaint contains no such allegations. Accordingly, he fails to state a claim on which relief can be granted.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to Magistrate's Judge Leung's Report and Recommendation and Order [Doc. No. 37-5] are **OVERRULED**.

2. Magistrate Judge Leung's Report and Recommendation of January 25, 2019 [Doc. No. 35] is **ADOPTED IN ITS ENTIRETY**.

3. Defendants' Motion to Dismiss [Doc. No. 18] is **GRANTED.**

4. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2019        s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge